

FILED

DEC 0 3 2018

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John Neil Gassew,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) Civil Action No. 18-2055 (UNA)
　　　　　　　　　　　　　　　　　　　)
Anita B. Brody　　　　　　　　　　　　)
Senior United States District Judge,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it, among other grounds, is frivolous.

Plaintiff is a prisoner at the United States Penitentiary in Coleman, Florida, suing a federal judge based on decisions rendered in his criminal case in the United States District Court for the Eastern District of Pennsylvania. *See* Compl. at 1-3 [Dkt. # 1] (alleging that Defendant "failed to perform the required balancing analysis" in considering the government's motion *in limine* for admission of evidence and concluding that "[a]ll these Constitutional Procedural Legal Issues [were] revealed upon cross-examination during Gassew's trial, due to the federal U.S. judge, blindly denying [plaintiff] his due process rights under the Fifth Amendment, Fed. R. Evid. 403") (certain capitalizations omitted)); *see also* Compl. at 26-38 (government's motion *in limine* and related documents) and *United States v. Gassew*, 42 F. Supp. 3d 686 (E.D. Pa. 2014)

1

(Brody, J.) (denying post-conviction motion brought under 28 U.S.C. § 2255 and declining to issue a certificate of appealability).

"An *in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). Consequently, a complaint, such as here, against a judge who has "done nothing more than [her] duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Therefore, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: November 3, 2018

_____
United States District Judge